## Manning, et al. v. Manning.

(Decided March 26, 1926.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Objections that Assignee could Not Sue on Judgment and Execution, and that Original Plaintiff should have been Party Held Too Late on Appeal, where Not Raised Below by Special Demurrer or Plea.—Objections that assignee could not sue on judgment and execution because not a party to original action, and that original plaintiff in execution should have been party, held too late on appeal, where not raised in lower court by special demurrer or plea.

2. Execution—Judgment Debt was Not Extinguished by Return of Execution, where Assignee of Judgment and Execution Lien Merely Paid Debt and Execution was Not. Satisfied.—Where execution was not satisfied, but only judgment debt was paid, and judgment and execution lien assigned to person paying, return of execution did not extinguish debt.

3. Execution—Conveyance Expressly in Satisfaction of Half of Judgment did Not Relieve Codebtors of Liability to Grantee for Other Half.—Conveyance by judgment debtor expressly in satis-faction of only half of judgment, after it was paid by and assigned to grantee, did not extinguish whole debt and relieve codebtors of payment of other half.

4. Execution—Grantee, Knowing of Grantor's Debt, Judgment, and Levy of Execution on Lands Conveyed, was Not Innocent Pur-chaser, and Acquired no Rights as Against Execution Plaintiff, Though Grantor's Debt to Grantee was Consideration for Deeds.— Grantee, having full knowledge of grantor's debt and of judg-ment and levy of execution on lands conveyed, was not an inno-cent purchaser, and acquired no rights as against execution plain-tiff, though pre-existing debt of grantor to grantee was considera-tion for deeds.

W. B. GAINES for appellant.

SIMS & HERDMAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-ing.

In 1923 the American National Bank of Bowling Green obtained a judgment for $554.29, with cost, against appellants, Oscar Manning, H. B. Manning, Allen Man-ning, J. T. Manning and Nancy J. Manning, and being awarded execution, caused it to issue and be levied upon the dower interest of Mrs. Nancy J. Manning in her old home place of 250 acres in Warren county, and upon a one-fifteenth(1/15th)undivided interest in the same farm owned by appellant, Oscar A. Manning, and on another tract of about 80 acres in Warren county owned by Oscar. In order to prevent the sale of his mother's dower inter-est in the home place, appellee, Grover Manning, paid off the judgment, amounting to more than $600.00, and ob-tained from the bank an assignment of the benefits of the judgment and execution. After the levy of the execution on appellant, Oscar A. Manning's, lands, as indicated above, he undertook to sell and convey each of the tracts to his wife, appellant, Bennie Manning, and executed and delivered to her a deed of general warranty for each place, and these deeds were placed of record after the

levy of the execution. This action was then commenced by appellee, Grover Manning, against Oscar Manning and his wife, Bennie Manning, to enforce the judgment and execution levied against the one-fifteenth (1/15th) interest in the old Manning home place and the 80 acres, separately owned by appellant, Oscar A. Manning, at the time of the levy of the execution, but which has since been conveyed by him to his wife without consideration passing at the time of the conveyance. To the petition was subjoined a prayer that the two deeds from appellant, Oscar, to his wife be cancelled and set aside and held for naught, and the property adjudged to belong to Oscar, and subjected to the satisfaction of the execution.

Appellants defended upon several grounds, one being that appellee, Grover Manning, not a party to the original action, was not entitled to maintain an action upon the judgment and execution which the bank had attempted to assign to him; further, that Nancy J. Manning, the mother, had satisfied the execution by conveying a small tract of land to appellee, Grover Manning, in full satisfaction of the execution and that the execution had been returned satisfied in full. But their chief insistence is that the conveyance by Oscar to his wife was not voluntary for the purpose of defeating the judgment and execution, or to otherwise commit a fraud upon appellee, Grover Manning, and other creditors, but the conveyance was made by Oscar to his wife for a valuable consideration received by him from her some years before from money or property coming to her from the estate of her father and other members of her family.

The court adjudged the deeds from Oscar to his wife be cancelled and set aside and that the lands be subjected to the satisfaction of one-half of the execution debt, and Oscar and his wife appeal.

The evidence does not satisfactorily show that appellant, Bennie Manning, paid appellant, Oscar Manning, a valuable consideration for the lands in controversy, although there is some evidence tending to show that she received some money and property from the estate of her father and other members of the family and that she loaned her husband this money some years before the transfer of the property in question. But there is a great deal of evidence which tends to prove that the conveyance made by Oscar to his wife after the entry of the judgment and the levy of the execution, was induced by the hope of evading the payment of the debt of Oscar and to save

the property from execution. Indeed, it was so considerable and convincing as to fully warrant the chancellor in concluding that the deeds were made for the fraudulent purpose of cheating, hindering and defrauding the creditors of appellant, Oscar Manning, including the appellee, and the judgment cannot be disturbed upon this ground.

Appellants urgently insist that appellee, Grover Manning, had no right to institute or maintain this action to enforce the judgment and the execution levy, but we think this objection comes too late, inasmuch as they failed to raise the question in the lower court by special demurrer or plea. If the original plaintiff in the execution, the American National Bank, should have been a party to the proceedings, and appellants desired to rely upon that point, they should have directed the attention of the trial court to the want of proper parties plaintiffs and allowed the court to bring, or cause to be brought, the proper and necessary parties before it. Having failed to do so appellants are in no position to complain. Thomas v. Haley Coal Company, 189 Ky. 698; C., N. O. & T. P. Ry. Co. v. McWhorter, 203 Ky. 252. Moreover, in an action to enforce an execution lien and to set aside a fraudulent conveyance made after the levy, and pending the sale, it would not seem necessary to join a party who had sold and assigned all its interest in a judgment and execution to the plaintiff.

There is no merit in appellant's contention that the return of the execution satisfactorily extinguished the debt of appellant when all the facts are to the contrary. The execution had not been satisfied but only the debt of the bank had been paid and the judgment and execution lien assigned and transferred to appellee by the bank. Less meritorious, if possible, is the contention of appellants that the payment of one-half of the judgment by Mrs. Nancy J. Manning to appellee after the judgment was assigned, extinguished the whole debt and relieved appellants of the payment of one-half of that judgment. The contract by which Mrs. Nancy J. Manning conveyed a small tract of land to appellee after he had satisfied the judgment entered against her, expressly stated that the conveyance was in satisfaction of only one-half of the judgment, the balance being left unsatisfied and standing against appellant, Oscar Manning. He and Mrs. Nancy J. Manning were the only solvent defendants in the judg-

ment and execution, and the pleadings in this action so averred.

Appellants insist in brief of counsel that the only reason assigned for setting aside the two deeds in controversy was that there was no consideration for either of them, and assert that an existing obligation is as much a consideration as a present payment in cash. As appellant, Mrs. Bennie Manning, grantee in the deeds, had full knowledge of the debt, judgment and levy of execution on the lands, she was not an innocent purchaser. Her debt, if she had one, against her husband was not supported by lien upon the land; but the execution levied upon the lands created a lien in favor of the execution plaintiff, and this was paramount to any right which a subsequent purchaser could acquire in the land, especially one with both actual and constructive notice of the levy. It would seem, therefore, that the equities are against appellant, Bennie Manning. Finding no error to the prejudice of the substantial rights of appellants the judgment is affirmed.

Judgment affirmed.